**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**

| | | |
|---|---|---|
| Angela Boyer, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 5:25-6712-RMG |
| v. | ) | |
| | ) | |
| Frank Bisignano, Commissioner of Social | ) | |
| Security Administration | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of Social Security denying her claim for Disability Insurance Benefits ("DIB") for the period August 20, 2019 through her date last insured of December 31, 2020.  In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to a United States Magistrate Judge for pre-trial handling.  The Magistrate Judge issued a Report and Recommendation ("R & R") on June 8, 2026, recommending that the Commissioner's decision be affirmed. (Dkt. No. 21). Plaintiff has filed objections to the R & R and the Commissioner has filed a reply. (Dkt. Nos. 22, 23).

**Legal Standard**

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made.  The Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge.  28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one.  The Act provides that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance."  *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964).  This standard precludes *de novo* review of the factual circumstances that substitutes the Court's findings of fact for those of the Commissioner.  *Vitek v. Finch*, 438 F.2d 1157, 1157 (4th Cir. 1971).

Although the federal court's review role is a limited one, "it does not follow, however, that the findings of the administrative agency are to be mechanically accepted.  The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action."  *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969).  Further, the Commissioner's findings of fact are not binding if they were based upon the application of an improper legal standard.  *Coffman v. Bowen*, 829 F.2d 514, 519 (4th Cir. 1987).

**Discussion**

The Administrative Law Judge ("ALJ") found that Plaintiff was found to have suffered from two  severe impairments: liver disease and anemia.  Nonetheless, the ALJ found that Plaintiff retained a residual functional capacity ("RFC") to perform less than the full scope of light work and was not disabled. (Dkt. No. 11-2).  The Magistrate Judge, in a thorough 22 page R & R, addressed Plaintiff's appeal issues, most notably the finding that Plaintiff's mental impairments were not severe and the ALJ's evaluation of Plaintiff's subjective complaints.  The Magistrate Judge also addressed the basis of the ALJ's decision to find  Plaintiff's mental health impairments were non-severe despite certain findings of agency consultants. In recommending that the Commissioner's

decision be affirmed, the Magistrate Judge found that the ALJ's findings that Plaintiff's mental health impairments were nonsevere and the ALJ's evaluation of Plaintiff's subjective complaints were supported by substantial evidence.

Plaintiff filed two objections to the R & R. First, Plaintiff objected to the Magistrate Judge's reference to Plaintiff possibly performing volunteer work to support a finding of no severe mental impairment. (Dkt. No. 22 at 1-3). The critical issue is whether the Commissioner's decision that any mental health impairments were nonsevere is supported by substantial evidence. From the Court's review of the full record in this matter, the Court agrees with the Magistrate Judge that there is substantial evidence to support the Commissioner's decision that any any mental impairments of Plaintiff were nonsevere. The Magistrate Judge's passing reference to volunteer work is largely immaterial in determining that issue.

Second, the Plaintiff objects to the Commissioner's evaluation of her subjective complaints. (Dkt. No. 22. at 3).The Court finds that the ALJ's evaluation is sufficient to show there is substantial evidence to support the ALJ's conclusions regarding Plaintiff's subjective complaints.

Based on the foregoing, the Court **ADOPTS** the R & R of the Magistrate Judge (Dkt. No. 21) as the Order of the Court and **AFFIRMS** the decision of the Commissioner.

.      **AND IT IS SO ORDERED.**


                                        S/ Richard Mark Gergel
                                        Richard Mark Gergel
                                        United States District Judge



Charleston, South Carolina

5:25-cv-06712-RMG     Date Filed 07/09/26     Entry Number 25     Page 4 of 4

July 9, 2026